UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
LEXINGTON DIVISION

CIVIL ACTION NO. 05-64-JBC

GERALD COLE,                                                                                    PLAINTIFF,

V.                                              ORDER

JO ANNE BARNHART, COMMISSIONER,
SOCIAL SECURITY ADMINISTRATION,                                          DEFENDANT.

\* \* \* \* \* \* \* \* \* \*

The plaintiff brought this action pursuant to 42 U.S.C. § 405(g) to obtain judicial review of an administrative decision of the Commissioner of Social Security denying his application for supplemental security income benefits. Upon cross-motions for summary judgment (DE 8, DE 9), the court referred this action to United States Magistrate Judge James B. Todd, who issued the Proposed Findings of Fact and Recommendation (DE 11), to which the plaintiff has filed objections. In such a case, the district court reviews the record *de novo*. 28 U.S.C. § 636 (b)(1)(C).

Administrative Law Judge ("ALJ") Roger L. Reynolds denied the plaintiff's application on May 15, 2000, following a hearing at which a vocational expert ("VE"), Dr. Ralph Crystal, testified in response to the ALJ's hypothetical questions that there existed a significant number of jobs that the plaintiff could perform despite his impairments. That decision was reversed by this court on November 15, 2002, because the Administrative Law Judge ("ALJ") did not provide a sufficient explanation for rejecting a mental assessment completed by a social

worker, James Gibson, and signed by the plaintiff's treating psychiatrist, Dr. Anjar Mujahid.

On remand, ALJ Peter M. Davenport held two hearings to evaluate the plaintiff's claim. At the second hearing, held on December 8, 2004, a VE testified that the plaintiff's past work was classified as "medium exertional level and skilled," but was not asked about and did not address the availability of jobs in the economy. The plaintiff's application was denied again, and this appeal followed.

The court, having reviewed the record in light of the plaintiff's objections and being otherwise sufficiently advised, will adopt the Magistrate Judge's Report and Recommendation and affirm the Commissioner's decision.

**The Plaintiff's Objections to the Report and Recommendation**

The plaintiff objects to the Magistrate Judge's Report on the grounds that (1) the ALJ erred in failing to question the VE present at the December 8, 2004, hearing regarding the availability of work that the plaintiff could perform in light of his impairments; and (2) the ALJ erred in failing to afford appropriate weight to the mental assessment completed by Mr. Gibson and signed by Dr. Mujahid.

Review of the ALJ's decision to deny disability benefits is limited to determining whether substantial evidence exists to support the denial decision and whether the Secretary properly applied relevant legal standards. *Brainard v. Sec'y Heath & Human Servs.*, 889 F.2d 679, 681 (6th Cir. 1989), *citing Richardson v. Perales*, 402 U.S. 389 (1971). "The findings of the Secretary as to any fact, if supported by substantial evidence, shall be conclusive. . . ." 42 U.S.C. § 405(g).

Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Richardson*, 402 U.S. at 401.

### A. VE Testimony

At the March 6, 2000, hearing, Dr. Crystal testified that, considering the restrictions described in the ALJ's hypothetical questions, there existed a significant number of jobs that the plaintiff could perform despite his impairments. The plaintiff's attorney cross-examined Dr. Crystal as follows:

> Q: Dr. Crystal, did you have an opportunity to review the RFC that was completed by Dr. Mujaheed [sic] and Jim Gibson?
> A: Yes, sir.
> Q: Assume an individual was limited as per that RFC and in particular was listed as no useful ability to deal with work stress, function independently, and maintain attention and concentration. Are there any jobs in the state or national economy such a person could do?
> A: If no one has -- if someone has no useful ability in those areas that would eliminate the jobs that I've described, past work or other work.

On remand, a different VE testified about the plaintiff's past employment, but did not address the availability of work that the plaintiff could perform. The plaintiff argues that the ALJ's failure to pose hypothetical questions on that issue on remand was error, because it precluded cross-examination concerning the plaintiff's medical record between the March 2000 hearing and the December 2004 hearing, and because the original VE's testimony was outdated and therefore could not properly be relied on as substantial evidence.

The Magistrate Judge dismissed the plaintiff's argument concerning cross-

examination of the VE, finding that "the ALJ offered plaintiff's counsel the opportunity to question the VE, after the ALJ had questioned him, and that plaintiff's counsel declined to ask the VE any questions." The court sees the plaintiff's argument differently, however. Although the plaintiff's counsel was afforded an opportunity to cross-examine the VE at the December 2004 hearing, she was not able to cross-examine either VE about the number of jobs available that the plaintiff could perform in light of the new medical evidence.

Social Security hearings must comply with the provisions of the Administrative Procedure Act ("APA"). *Mullen v. Bowen*, 800 F.2d 535, 536 n.1 (6th Cir. 1986). The APA guarantees the right to cross-examine witnesses to the extent necessary for full and fair disclosure of facts. 5 U.S.C. § 556(d).

Residual functional capacity ("RFC") is the ALJ's determination, based on the entire record, of "what an individual can do despite his or her impairment(s)." Social Security Ruling ("SSR") 96-5p. Whether a claimant can perform past or other work is evaluated in light of the ALJ's RFC assessment, and a VE may offer expert testimony on that question. 20 C.F.R. § 404.1560(b)(2), (c)(1). New medical evidence necessitates an updated medical expert opinion when that evidence may change the earlier decision that a claimant's impairments are not disabling. SSR 96-6p.

ALJ Davenport examined the record and concluded that the additional evidence compiled since the March 2000 hearing did not support a different RFC finding than the one made by ALJ Reynolds. That decision is supported by

4

substantial evidence, because the additional records merely reflect continuing complaints of and treatment for the same problems that existed as of March 2000. Because the plaintiff's RFC was the same on March 8, 2000, and December 8, 2004, and the plaintiff cross-examined the VE on that issue at the first hearing, ALJ Davenport was not required to revisit the matter on remand.  The plaintiff was able to cross-examine Dr. Crystal on March 8, 2000, concerning the evidence that formed the basis for the plaintiff's RFC as of that date and as of December 8, 2004.  Dr. Crystal's March 8, 2000, testimony constitutes substantial evidence in support of ALJ Davenport's decision, because, according to the ALJ, none of the records that Dr. Crystal did not consider would have created a reason to change the initial disability determination.

    B.   **Weight Afforded to Mr. Gibson's and Dr. Mujahid's Assessment**

    Mr. Gibson completed an evaluation of the plaintiff's mental status on January 5, 2000, and Dr. Mujahid signed the assessment.  Mr. Gibson found that the plaintiff had poor ability to deal with work stresses, function independently, maintain attention/concentration, and comply with complex or detailed job instructions; and poor to fair ability to relate predictably in social situations and demonstrate reliability.  Mr. Gibson attributed these problems to the plaintiff's depression, anxiety, and chronic pain.  ALJ Reynolds gave little weight to the mental assessment, because it did not account for the plaintiff's alcohol abuse.  In light of the plaintiff's assurance that he no longer used alcohol, ALJ Reynolds rejected the negative evaluation.

This court remanded the first decision, because ALJ Reynolds did not address the fact that the plaintiff's treating physician had signed the report, and because ALJ Reynolds was not clear as to why the report's failure to mention the plaintiff's past trouble with alcohol abuse warranted its rejection.  On remand, ALJ Davenport pointed out that, according to the plaintiff, he did not quit drinking until December 2000.  At the March 2000 hearing before ALJ Reynolds, the plaintiff testified that he last drank alcohol around December 7, 1999, one month before Mr. Gibson completed his report.  Given the period of the plaintiff's alcohol abuse, which includes the date on which Mr. Gibson's assessment was made, there is substantial evidence for ALJ Davenport's presumption that the plaintiff's mental abilities at that time were influenced by his use of alcohol.  The absence of any mention of alcohol abuse in the Gibson report therefore undermines its value.

Assuming that the assessment was accurate as of January 5, 2000, the alleged onset date of the plaintiff's disability is not until December 2000, at which point the plaintiff claims to have stopped using alcohol.  Because the evaluation was affected by his alcohol abuse, the intervening termination of his alcohol problem also renders the report unpersuasive.

Because Mr. Gibson's and Dr. Mujahid's mental assessment was not consistent with the record as a whole or supported by objective criteria, the ALJ properly rejected it.  While the opinion of a treating physician is typically entitled to controlling weight, an ALJ need not afford a conclusory or unsupported opinion such deference.  *Duncan v. Sec'y of Health & Human Servs.*, 801 F.2d 847, 855

6

(6th Cir. 1986).  Therefore, even treating the evaluation as the opinion of a treating physician, it is not entitled to controlling weight.[1]

**Conclusion**

ALJ Davenport's reliance on the earlier testimony of Dr. Crystal to conclude that work exists in the economy which the plaintiff can perform despite his occupational restrictions was proper.  ALJ Davenport also did not err in discrediting the opinion of Mr. Gibson and Dr. Mujahid regarding the plaintiff's mental aptitude, because that assessment is contradicted by and inconsistent with substantial evidence on the record.  Accordingly,

**IT IS ORDERED** that the Magistrate Judge's Proposed Findings of Fact and Recommendation (DE 11) is **AFFIRMED** and is **ADOPTED** as this court's opinion with the revisions discussed above.

**IT IS FURTHER ORDERED** that the plaintiff's motion for summary judgment (DE 8) is **DENIED**.

**IT IS FURTHER ORDERED** that the Commissioner's motion for summary judgment (DE 9) is **GRANTED**.

Signed on January 30, 2006

---

[1] The court notes, as well, that the assessment was actually completed by Mr. Gibson, and a social worker's opinion is not entitled to controlling weight.

Jennifer B. Coffman

JENNIFER B. COFFMAN, JUDGE
U.S. DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY